**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **LEVI ARTHUR FEDD,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 1:26-cv-139-LAG-CHW** |
| | : | |
| **JOHN OR JANE DOE,** | : | |
| | : | |
| **Respondent.** | : | |

**ORDER**

*Pro se* Petitioner Levi Arthur Fedd, a prisoner confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a document that has been docketed as a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). If Petitioner wishes to proceed with this action, he must recast his Petition using the Court's standard § 2254 form and submit it—with either payment of the $5.00 filing fee or a motion for leave to proceed *in forma pauperis*—within **FOURTEEN (14) DAYS** of the date shown on this Order. The Clerk is **DIRECTED** to mail Petitioner copies of the appropriate forms for this purpose, marked with the case number of the above-captioned action.

The Recast Petition will take the place of the initial Petition (ECF No. 1). Petitioner should therefore include each of his claims for relief in his Recast Petition, even if he has also included those claims in the documents he has already filed with the Court.[1] Petitioner

---

[1]The Court notes that Petitioner previously filed several § 2254 petitions challenging his

must also notify the Court immediately in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application for habeas relief.** There will be no service of process in this case until further order.

**SO ORDERED**, this 23rd day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

2014 conviction in the Superior Court of Seminole County, Georgia. His most recent petitions were dismissed as successive. *See* Order 2-3, *Fedd v. State of Georgia*, No. 1:21-cv-41-LAG-TQL (M.D. Ga. Mar. 17, 2021), ECF No. 4. To the extent Petitioner is again challenging his original 2014 conviction, his claims are also likely barred as successive. In addition, to the extent Petitioner is challenging his July 2026 "resentencing" in the state court, he will also need to show that he has exhausted his available state remedies. 28 U.S.C. § 2254(b)-(c). Thus, in completing the standard § 2254 form, Petitioner is **ORDERED** to include information regarding his exhaustion of state remedies.